# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| WILLIAM R. BLANTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:13-2804-CWH |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CITY OF CHARLESTON and TROY ) | |
| WILLIAMS in his individual capacity, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on the report and recommendation ("R&R") of United States Magistrate Judge Paige Gossett recommending that the Court deny defendant Troy Williams' (the "defendant's") motion to dismiss. For the reasons set forth in this Order, the Court rejects the R&R (ECF No. 37) and grants the defendant's motion to dismiss.

## I. Background

This action arises out of the former employment of plaintiff William Blanton (the "plaintiff") with the City of Charleston Fire Department ("CCFD"). In 1977, the CCFD hired the plaintiff. (Compl. ¶ 12, ECF No. 1). By 1994, the CCFD promoted the plaintiff to the position of Captain, and by 1998 or 1999, he began to occupy the position of Acting Battalion Chief whenever the actual Battalion Chief was out. (Compl. ¶¶ 13-14). In spring 2011, the position of Battalion Chief became available. (Compl. ¶ 18). At this time, the defendant served as the Acting Battalion Chief, and both he and the plaintiff applied for the vacant Battalion Chief position. (Compl. ¶¶ 18, 20).



On or about March 1, 2011, the plaintiff and the defendant responded to a fire at a two-story structure on Daniel Island. (Compl. ¶ 19). While fighting the fire, "the [defendant] and plaintiff . . . made various mistakes." (Compl. ¶ 22). During a critique following the fire, Deputy Chief John Tippet ("Tippet") and the defendant pulled the plaintiff aside and advised him of several mistakes he made during the Daniel Island fire. (Compl. ¶ 23). The plaintiff did not agree that he committed all of these mistakes and explained his position. (Compl. ¶ 26). As a result of these mistakes, on or about March 6, 2011, the plaintiff was removed from his role as Captain and ordered to begin remedial training. (Compl. ¶ 27). Three weeks into training, the plaintiff resumed his role as Captain while continuing the training. (Compl. ¶ 30). In or around mid-April 2011, the plaintiff was again removed from his role as Captain and was given other duties. (Compl. ¶ 31). On or about August 29, 2011, Tippet demoted the plaintiff from Captain to a fireman position. (Compl. ¶ 32). Shortly thereafter, the plaintiff went out on medical leave due to stress, anxiety, and depression caused by the work environment at CCFD. (Compl. ¶ 33). In November 2011, the defendant was promoted to the Battalion Chief position. (Compl. ¶ 34).

On December 11, 2011, the Post & Courier, a local newspaper in Charleston, South Carolina, published an article titled "The same mistakes: Four years after nine firefighters died battling Sofa Super Store fire, a report details an eerily similar set of breakdowns in a March blaze" (the "Article"). (See Article, Ex. 1, ECF No. 11-2). The Article contained statements made by the plaintiff and defendant to the newspaper about the Daniel Island fire. (See id.). The Article directly quotes the defendant as stating: "[the plaintiff] made a tremendous amount of mistakes," and "I did everything I could to get him retrained and save his job, . . . [b]ut if you don't have it after 30 years, I can't save you." (See id.). The Article also paraphrases the

defendant: "[the defendant] said he didn't want the assignment to retrain [the plaintiff] but did so at [the Fire Chief's] request. Despite involving others and trying numerous approaches, he said, [the plaintiff] just couldn't get up to speed with the new way of doing things." (See id.).

On or about March 14, 2012, after the plaintiff was unable to report back to work due to health issues stemming from his work environment, he was removed from the CCPD payroll. (Compl. ¶ 36).

## II. Procedural History

On October 15, 2013, the plaintiff brought this action against the defendants, advancing state law claims for defamation/slander per se, and age discrimination and harassment based on age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, ("ADEA"). (Compl. 1, ECF No. 1). The sole claim asserted against defendant Williams is the state law claim for defamation/slander per se for the statements made in the Article. (Compl. ¶¶ 60-68).

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(g), D.S.C., this matter was referred to a United States Magistrate Judge for pretrial proceedings. On December 13, 2013, the defendant Williams filed a motion pursuant to Rule 12(b)(6) to dismiss the plaintiff's third cause of action for failure to state a claim, contending that the defamation claim fails because: (1) the defendant's allegedly defamatory statements were constitutionally protected statements of opinion; and (2) the complaint fails to allege facts showing the defendant acted with actual malice. (Mot. to Dismiss 1, ECF No. 11). On February 5, 2014, the plaintiff filed a response in opposition to the motion to dismiss (ECF No. 25), and on March 4, 2014, the defendant filed a reply thereto. (ECF No. 30). On July 14, 2014, Magistrate Judge Paige Gossett



issued an R&R recommending that the Court deny the defendant's motion to dismiss the complaint. (R&R 1, ECF No. 37). On August 14, 2014, the defendant filed his objections to the R&R. (ECF No. 43). On September 19, 2014, the plaintiff filed his reply to the defendant's objections. (ECF No. 52).

### III. Legal Standard

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint[.]" Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citation omitted). A Rule 12(b)(6) motion must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (internal quotation marks omitted) (citing Fed. R. Civ. P. 8(2)(a)). To survive a Rule 12(b)(6) motion to dismiss, a complaint need not assert "detailed factual allegations," but it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Requiring that a claim be plausible "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, but it "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible[.]" Twombly, 550 U.S. at 555, 570. As Twombly teaches, the requirement that a complaint allege plausible



grounds for a claim "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" to prove the alleged claim. Id. at 556.

### IV. Discussion

This matter is now before for the Court for disposition. The magistrate judge makes only a recommendation to the Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 271. The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Mathews, 423 U.S. at 270-71; Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court "may accept, reject, or modify, in whole or in part," the R&R, "or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

#### A. The defendant's objections

The defendant raises two objections to the R&R: (1) that it errs for failing to find that the defendant's statements are not constitutionally protected; and (2) that it errs for failing to accept the plaintiff's stipulation that he constitutes a public figure for purposes of the defamation claim, for failing to find that the plaintiff constitutes a public figure for purposes of the defamation claim, and for failing to find that the plaintiff did not allege facts showing actual malice. (Def.'s Objections 3, ECF No. 43).



With respect to the first objection, the defendant states that the R&R errs in its conclusion that his statements are not constitutionally protected speech because it applies the wrong case law and misidentifies the question at issue. Specifically, the R&R states that the relevant inquiry is "whether a reasonable fact finder could conclude that the statements made by [the defendant] imply an assertion of fact about [the plaintiff]." (R&R 6). The R&R concludes that because the inquiry is a question of fact, the defendant's motion to dismiss should be denied, so that a jury may decide this question. (R&R 6). In contrast, the defendant contends that the proper inquiry of "whether a statement can reasonably be interpreted as stating facts about an individual–whether it is rhetorical hyperbole, for example–is a question of law," and that the R&R misapprehends the inquiry as one for a jury. (Def.'s Objections 4). The Court agrees with the defendant that the R&R misapplies the law.

As to the second objection, the defendant states that the R&R errs for failing to address the plaintiff's stipulation– in his response to the defendant's motion to dismiss– that he constitutes a public figure for purposes of the defamation claim. (Def.'s Objections 9-10). He further states that even if the plaintiff did not so stipulate, the R&R nevertheless errs in failing to find that the defendant constituted a public figure as a matter of law, and thus fails to apply the "actual malice" standard that the plaintiff must show in order to succeed on his claim. (Def.'s Objections 10, 13). The R&R concludes that because the defendant "fail[s] to show as a matter of law that [the plaintiff] was a public official or public figure triggering the 'actual malice' culpability standard," the defamation claim should not be dismissed. (R&R 8). The R&R does not explain the reason the defendant fails to make this showing as a matter of law, nor does it cite any case law supporting this contention. Although it states that this inquiry is a matter of law,

the R&R concludes that "[t]he record currently before the court . . . is not sufficiently developed for the court to make that important determination at this time." (R&R 8). The Court agrees with the defendant that the R&R is in error on this issue.

### B. De novo review of the defendant's objections

First, the R&R errs by denying the defendant's motion to dismiss on the ground that it is a question of fact for a jury to decide whether his statements could imply an assertion of fact about the plaintiff. In fact, as the defendant correctly contends, "[w]hether a statement can reasonably be interpreted as stating facts about an individual--whether it is rhetorical hyperbole, for example–is a question of law." CACI Premier Tech., Inc. v. Rhodes, 536 F.3d 280, 293-94 (4th Cir. 2008) (citing Hatfill v. New York Times Co., 416 F.3d 320, 330 (4th Cir. 2005) ("The question whether a statement is capable of having a defamatory meaning is a question of law to be decided by the court.")). Thus, if the Court concludes as a matter of law that the defendant's statements in the Article can reasonably be interpreted as stating facts about the plaintiff, then it will deny the defendant's motion to dismiss, and the fact-finding inquiry of whether the statements did or did not state facts about the plaintiff will be sent to a jury. However, if the Court concludes as a matter of law that the statements cannot be so interpreted, then the inquiry is over, and the defendant's motion to dismiss will be granted.

The first statement in which the defendant is directly quoted as saying, "[the plaintiff] made a tremendous amount of mistakes," cannot reasonably be interpreted as stating a fact about the plaintiff. Even if the statement could be interpreted as a fact about the plaintiff making a certain number of mistakes, the plaintiff himself admits that this fact is true. In the Article and in the complaint, the plaintiff states that he made mistakes. (See Compl. ¶ 22 (admitting "plaintiff .



. . made various mistakes at the Daniel Island fire that night")); (see also Article (quoting plaintiff as admitting: "I'm not saying I didn't make mistakes. I did, and I owned up to them.")). Therefore, he cannot sustain an accusation that the defendant made a false statement about a true fact, nor maintain a defamation action premised on a true statement. With regard to the portion of the statement that the "amount of mistakes" was "tremendous", "tremendous" falls within a category of "loose, figurative, or hyperbolic language" that cannot reasonably be interpreted as stating an actual fact about an individual. See Milkovich v. Lorain Journal Co., 497 U.S. 1, 20 (1990) (citing Hustler Magazine, Inc. v. Falwell, 485 U.S. 46, 50, 53-55 (1988) (explaining that rhetorical hyperbole cannot reasonably be interpreted as stating actual facts)). Therefore, the Court concludes as a matter of law that because "tremendous" is a figurative, hyperbolic adjective, the first statement cannot reasonably be interpreted as stating a fact about the plaintiff.

Likewise, the second statement, in which the defendant is directly quoted as saying, "I did everything I could to get [the plaintiff] retrained and save his job, . . . [b]ut if you don't have it after 30 years, I can't save you[,]" cannot reasonably be interpreted as stating a fact about the plaintiff. Like the first statement, this statement is not provable as a fact or a falsity because it employs figurative, hyperbolic language. The defendant's phrase, "I did everything I could to get him retrained and save his job," is figurative and exaggerated, and it cannot reasonably be interpreted as stating a fact about the plaintiff. The same is true of the defendant's phrase, "if you don't have it after 30 years, I can't save you." Therefore, the Court concludes as a matter of law that because the second statement uses figurative, hyperbolic language, it cannot reasonably be interpreted as stating a fact about the plaintiff.



With regard to the third statement in which the defendant is not quoted, the Article paraphrases, "[the defendant] said he didn't want the assignment to retrain [the plaintiff] but did so at [the Fire Chief's] request. Despite involving others and trying numerous approaches, he said, [the plaintiff] just couldn't get up to speed with the new way of doing things." Again, this cannot reasonably be interpreted as stating a fact about the plaintiff. The paraphrased statement employs figurative language ("he just couldn't get up to speed") that is not capable of being verified as true or false. See Woodward v. Weiss, 932 F. Supp. 723, 726 (D.S.C. 1996) (holding that without a standard to render an objective, verifiable, factual answer to whether defendant's statements accusing plaintiff, a doctor, of mistakes in diagnosis and treatment of patients, the statements were not capable of being verified as false, and thus not actionable for defamation). Therefore, the Court concludes as a matter of law that the third statement cannot reasonably be interpreted as stating a fact about the plaintiff.

Because the Court concludes as a matter of law that none of the three statements at issue can reasonably be interpreted as stating a fact about the plaintiff, the plaintiff has no foundation for his defamation claim against the defendant. Therefore, the Court grants the defendant's motion to dismiss the cause of action against him.

### V. Conclusion

For the foregoing reasons, the Court rejects the R&R (ECF No. 37) and grants defendant Williams' motion (ECF No. 11) to dismiss the plaintiff's Third Cause of Action. This file shall be returned to the Magistrate Judge for further proceedings.



**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

September 26, 2014
Charleston, South Carolina