**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| WILLIAM R. BLANTON,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CHARLESTON and TROY WILLIAMS in his individual capacity,<br><br>Defendants. | ) | Case No.: 2:13-cv-02804-CWH<br><br><br><br>**ORDER** |

On October 15, 2013, William R. Blanton (the "plaintiff") filed this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., against the City of Charleston (the "City") and Troy Williams ("Williams"),[1] alleging discriminatory demotion; discriminatory failure to promote; discriminatory termination; and harassment/hostile work environment. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R").

On December 1, 2014, the City filed a motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, with respect to the plaintiff's claims for discriminatory failure to promote, occurring prior to April 12, 2011; discriminatory termination; and harassment/hostile work environment. (ECF No. 59). On July 28, 2015, the Magistrate Judge issued an R&R recommending that the City's motion for judgment on the pleadings be

---

[1] On September 26, 2014, Williams was dismissed from this action pursuant to the Court's Order. (ECF No. 55).



granted and the plaintiff's claims for discriminatory failure to promote, occurring before April 12, 2011; discriminatory termination; and harassment/hostile work environment be dismissed with prejudice. (ECF No. 82). The R&R specifically advised the parties of the procedures for filing objections thereto and the serious consequences if they failed to do so. On August 24, 2015, after receiving an extension of time in which to do so, the plaintiff filed his consent to the Court's adoption of the R&R. (ECF NO. 87).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 271 (1976). The Court "may accept, reject, or modify, in whole or in part," the recommendation made by the magistrate judge "or recommit the matter to the magistrate judge with instructions." See 28 U.S.C. § 636(b)(1). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. Id. However, in the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted) (internal quotation marks omitted). Furthermore, the failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).





After reviewing the record of this matter, the applicable law, and the magistrate judge's R&R, the Court agrees with the conclusions of the magistrate judge. The Court adopts and incorporates the R&R (ECF No. 82) by reference in this Order. The defendant's motion for judgment on the pleadings with respect to discriminatory failure to promote, occurring before April 12, 2011; discriminatory termination; and harassment/hostile work environment (ECF No. 59) is granted, and this matter is recommitted to the magistrate judge for further proceedings.

**AND IT IS SO ORDERED.**

C. Weston Houck

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

September 25, 2015
Charleston, South Carolina

